UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 698 |
| v. | Magistrate Judge Susan E. Cox |
| MARCUS BEAM | |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion by the government, and without objection by the defendant, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials described in Paragraph 2 provided by the United States in preparation for, or in connection with any stage of the proceedings in this case, (collectively, "the materials"), are subject to this protective order, and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court, or, alternatively, without agreement by the United States.

2. The materials subject to the protective order include, but are not limited to the following: (1) Interview reports, statements, emails, text messages, correspondence, and photographs of individuals, and representatives of entities, who provided funds to the defendant; (2) Documents containing third party (non-party) identifying information including but not limited to addresses, dates of birth, driver's license numbers, social

1

security numbers, email addresses, and phone numbers; (3) Documents containing third party financial information, including but not limited to investment records, bank records, tax records, and summary charts prepared by the government; (4) Documents containing medical information, mental health information or criminal history information relating to third parties; and (5) Grand jury transcripts and exhibits.

3. Materials that are not subject to this protective order include (1) all materials that have been publicly filed, or are in the public domain, including but not limited to records filed in other court cases, news articles, information publically available on corporate websites, and records publicly filed with the Secretary of State; and (2) corporate records that do not contain personal third party information, including leases, contracts, invoices, and correspondence.

4. Defense counsel and the United States can agree, in writing, that other documents will not be subject to this Protective Order. Defense counsel can also seek a court order excluding other documents from the Protective Order.

5. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense (including but not limited to paralegals, accountants, experts, and medical personnel), persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure, or other persons to whom the United States agrees disclosure is appropriate (collectively, "authorized persons").

6. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

7. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

8. Before providing materials to an authorized person, defense counsel must advise the authorized person about this Order.

9. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within 30 days of the receipt of such a request,

defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

11. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, or publicly filed in other cases, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision herein.

ENTER:

_____
Magistrate Judge Susan E. Cox
United States District Court
Northern District of Illinois

Date: 1/5/2020